Matter of Stop Irresponsible Frick Dev. v New York City Bd. of Stds. & Appeals (2022 NY Slip Op 00364)





Matter of Stop Irresponsible Frick Dev. v New York City Bd. of Stds. & Appeals


2022 NY Slip Op 00364


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Index No. 154171/20 Appeal No. 15122 Case No. 2020-04944 

[*1]In the Matter of Stop Irresponsible Frick Development et al., Petitioners-Appellants,
v
The New York City Board of Standards and Appeals et al., Respondents-Respondents.


The Law Offices of Jack L. Lester, East Hampton (Jack L. Lester of counsel), for appellants.
Georgia M. Pestana, Corporation Counsel, New York (MacKenzie Fillow of counsel), for The New York City Board of Standards and Appeals, respondent.
Kramer Levin Naftalis & Frankel LLP, New York (Jeffrey L. Braun of counsel), for The Frick Collection, respondent.



Judgment (denominated an order), Supreme Court, New York County (Debra A. James, J.), entered December 16, 2020, denying the petition to annul the resolution of respondent New York City Board of Standards and Appeals (BSA), dated March 17, 2020 and filed May 11, 2020, which approved respondent The Frick Collection's application for a zoning variance, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
As an initial matter, we decline to dismiss this appeal as moot, in accordance with this Court's October 12, 2021 decision denying The Frick Collection's motion to dismiss (2021 NY Slip Op 72997[U] [1st Dept 2021]).
Nonetheless, we find that the BSA providently exercised its "wide discretion" when granting the variance, as the determination "has a rational basis and is supported by substantial evidence" (Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals, 95 NY2d 437, 440 [2000]; see CPLR 7803[3]). The BSA appropriately "set forth each required finding," including a lengthy discussion of The Frick Collection's programmatic goals and several alternatives, when determining that the variance applied for was the "minimum variance necessary to afford relief" (Zoning Resolution § 72-21[e]). Petitioners' contention that the BSA set forth no facts and failed to consider alternatives is belied by the lengthy discussion in the resolution.
The BSA also providently issued a "negative declaration" finding "that the environmental impact is not significant" (Matter of Spitzer v Farrell, 100 NY2d 186, 190 [2003]; see ECL § 8-0109[4]; 6 NYCRR 617.7[a][1]-[2]). "'[T]he Legislature in SEQRA has left the agencies with considerable latitude in evaluating environmental effects and choosing among alternatives'" (Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 430 [2017], quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]). The record shows that the BSA "identified the relevant areas of environmental concern," specifically, historic and cultural resources such as the Music Room, which petitioners sought to preserve, "took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Friends of P.S. 163, 30 NY3d at 430 [internal quotation marks omitted]; see Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924 [2012]). The BSA also appropriately sought input from the Landmarks Preservation Commission and relied on its expertise (see Matter of Landmark West! v Burden, 15 AD3d 308, 309 [1st Dept 2005]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022